# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

## Minute Entry

### Hearing Information:

    **Debtor:** DEBRA LYNNE WAYNE
    **Case Number:** 2:16-BK-03439-BKM     **Chapter:** 13
    **Date / Time / Room:** MONDAY, NOVEMBER 21, 2016 01:30 PM    7TH FLOOR #701
    **Bankruptcy Judge:** BRENDA K. MARTIN
    **Courtroom Clerk:** ELIZABETH IRISH
    **Reporter / ECR:** SELVINA BENNINK

### Matters:

1) EVIDENTIARY HEARING RE: SANCTIONS
    **R / M #:** 15 / 0

2) STATUS CONFERENCE ON THE OBJECTION TO THE CHAPTER 13 PLAN
    **R / M #:** 15 / 0

### Appearances:

    JAY BLOOM, ATTORNEY FOR DAVID EADES IN STATE COURT AND FOR THE FIRM
    J. MURRAY ZEIGLER, ATTORNEY FOR DEBRA LYNNE WAYNE
    RANDY NUSSBAUM, ATTORNEY FOR DAVID EADES

# Minute Entry

(continue)...    2:16-BK-03439-BKM          MONDAY, NOVEMBER 21, 2016 01:30 PM

## *Proceedings:*

Mr. Zeigler responds to the Court's questions.  He asked to have his exhibits admitted.  The parties are at an impasse.

Mr. Bloom states that the parties tried to resolve.  The dispute is limited.

COURT:  THE COURT DIRECTS THE PARTIES THAT IF THERE IS SOMETHING IMPORTANT TO MAKE SURE TO ENTER IT AND TO WALK THROUGH IT FOR THE COURT.

Mr. Bloom would like an issue discussed on the outset.  He has the idea that the Court and the parties think that there are two violations of stay.  One is the filing of motion which the Court ruled on.  The other idea is some violation regarding a garnishment.  It hasn't been pled.  He is not clear on the basis for the claim.

COURT:  THE COURT READ THROUGH THE THINGS.  IT OCCURRED TO THE COURT THAT THERE APPEARED TO BE AN ALLEGATION OF AN ONGOING STAY VIOLATION.  NO ONE HAS BROUGHT IT TO THE COURT TO RULE ON.  THE COURT IS CONFUSED AS TO THE STATUS.  THE COURT THOUGHT IT WOULD LEARN ABOUT IT THROUGH THE TESTIMONY.

Mr. Zeigler informs the Court that he was going to address it through the testimony.  His client considers it to be an ongoing violation.  He discusses the ongoing garnishment collecting on the same debt.  He responds to the Court's questions.  There is an offset so his client is getting $400.00 a month.  He explains his understanding of it.

Mr. Bloom responds that the facts stated are wrong.  There is no garnishment.  He responds to the Court's questions.  He discusses the pre-petition court order and payment to the debtor for $400.00.

COURT:  THE COURT UNDERSTANDS THAT THERE IS A DISAGREEMENT ABOUT WHAT THE COURT ORDER MEANT.

Mr. Bloom questions what is the alleged action in the violation of the stay.  He discusses the pre-petition order.  He provides a history before the bankruptcy.  He responds to the Court's questions.  His client is not applying $400.00 to the debt and is not doing anything but complying with the order.

COURT:  THE COURT QUESTIONS WHERE THE $400.00 IS GOING AND NEEDS TO KNOW IF THERE IS AN ONGOING STAY VIOLATION.  THE COURT LISTENED TO THE JUNE HEARING.  IT WAS NEVER MADE CLEAR.  THERE WAS A REFERENCE TO AN ONGOING OFFSET.  THE COURT WASN'T ASKED TO DESIGNATE IT AS A STAY VIOLATION AND TO THEM TO STOP.

Mr. Zeigler explains that at that time, his client didn't know that Mr. Eades wasn't paying the $400.00 a month.  He reviews how his client found out that Mr. Eades was not paying.  He responds to the Court's questions.  Post petition, the clearing house was not receiving the full $800.00.

Mr. Bloom goes back to the main point that it was not pled.  He illustrates the point.

COURT:  THE COURT READ THE ORDER.  IT EITHER PERMANENTLY REDUCES THE SPOUSAL MAINTENANCE OR THE ORDER IS OFFSETTING A DEBT OWED MR. EADES.  IF IT IS AN OFFSET, THEN HE IS IMPROPERLY COLLECTING ON A DEBT POST PETITION.  THE COURT KNOWS THE PARTIES' POSITIONS.

Mr. Bloom questions the actions the parties are talking about.  He is being asked to defend something unclear.

# Minute Entry

(continue)...   2:16-BK-03439-BKM          MONDAY, NOVEMBER 21, 2016 01:30 PM

COURT: THE COURT IS FOCUSED ON IF MR. EADES IS OFFSETTING A DEBT. THE COURT DOESN'T THINK IT CAN RESOLVE THE MATTER AT THIS MOMENT. THE COURT WILL LET THE CASE GET STARTED AND SEE WHERE IT TAKES THE PARTIES.

Mr. Zeigler presents an opening statement. He responds to the Court's questions. He will be calling the debtor to testify.

Mr. Bloom responds to the Court's questions. It will just be the parties testifying. He presents an opening statement.

DEBRA WAYNE is sworn in and direct examination by Mr. Zeigler. Cross examination by Mr. Bloom.

MOVANT'S EXHIBITS #1, #2, #3, #4, #5, #6, #7, #8, #9, #10, #11, #12, and #13 are admitted.

RESPONDENT'S EXHIBITS #R, #D, #F, #I, #G, and #O are admitted.

COURT: THE COURT NOTES THAT EXHIBIT #12 AND EXHIBIT #R ARE STIPULATED TO AND ARE ADMITTED.

The parties and the Court discuss scheduling and presenting closing arguments on another day.

DEBRA WAYNE re-direct examination by Mr. Zeigler. The witness steps down.

Mr. Zeigler rests.

RESPONDENT'S EXHIBITS #B, #C, and #N are admitted.

The parties and the Court discuss how to proceed.

COURT: THE COURT NOTES THAT IT DOESN'T HAVE NUMBERS REGARDING LEGAL FEES. THE COURT QUESTIONS MR. ZEIGLER REGARDING A FEE REQUEST.

Mr. Zeigler responds to the Court's questions. Assuming that closing was going forward today, his plan was to ask for one week to submit a formal fee application.

Mr. Bloom expected the pleading to be filed in September and part of this proceeding. They didn't make their case because they didn't provide that. He thinks that it's unfair after the fact.

COURT: THE COURT THINKS COUNSEL SHOULD HAVE TOLD WHAT THE FEES WERE AT LEAST TO A DATE CERTAIN. IT WOULD HAVE BEEN HELPFUL FOR TODAY. THE COURT DIDN'T SEE A SPECIFIC OBJECTION IN THE BRIEFS. THE COURT THINKS THAT BOTH PARTIES ARE RESPONSIBLE.

Mr. Bloom responds to the Court's questions. He doesn't want to come back on each individual issue.

Mr. Zeigler clarifies that Mr. Bloom asked how much his fees were. He provided a detailed time sheet of everything being asked for.

The parties and the Court discuss scheduling.

COURT: IT IS ORDERED SETTING CLOSING ARGUMENTS FOR 01-05-2017 AT 01:30 PM WITH MR. ZEIGLER'S APPLICATION DUE BY 12-02-2016 AND MR. BLOOM'S RESPONSE DUE BY 12-30-2016.